Caria, per
O’Neall, J.
The first ground of appeal was not pressed, and indeed was virtually abandoned by the abandonment of the appeal in the case of Coleman vs. James, in which the same point was ruled against the defendant, on these same single bills. But it is still perhaps best to say that the whole Court agree that the calculation of 10 per cent, on the plaintiff’s stock in the factory for the time past, was to be regarded as the means of ascertaining its present value, the whole profits having been expended in improvements. This was, therefore, so far a sale, and neither a loan or forbearance. The case of Beete vs. Bidgood, 14 Eng. Com. Law Reports, 80, decides this point, in an exactly similar case. The second ground, however, is that on which the parties have contested the case. The facts necessary to be stated to understand it are few, and may thus be presented. The plaintiff’s interest in the factory was estimated, including the capital and *245 10 per cent upon it, for five years and two months, at $3033 33, to which were added the debts then due by the defendant to the plaintiff, including interest at 7 per cent, $1,382 94, making an aggregate of $4,426 27. This was divided into five equal instalments of $885 26, and “ interest” at 10 per cent calculated on each, and a general • aggregate made of $5,754 10, which was divided into five equal parts, and five single bills for $1,150 82, executed and made payable in five successive years.
The question is, are these single bills tainted with usury 1 If they are not, I confess I should be put to great difficulty to say what would have that effect. The Acts of 1829, 6 Stat. at Large, 409, and 1777, 4 Stat. at Large, 363, are to be construed together; the former was intendr ed merely to repeal the penalty in the Act of ’77, and to substitute another in its stead. The former Act very clearly defines usury to be the taking of more than 7 per cent interest for the forbearance of one year.
The contract before us plainly takes more than 7 per cent for the forbearance of one year. The calculation in the hand writing of the plaintiff calls the 10 per cent on each instalment, “ interest.” For example, it is set down “ interest on first instalment, at 10 per cent for one year.” This seems to be plain enough. But turn to Van Patton’s proposition of purchase, which was accepted, and it makes a plain matter still plainer. It states that, according to a conversation previously had, he would take the plaintiff’s interest in the factory “ at 10 per cent on the stock, and 7 per cent on borrowed money, and all to be at 10 (meaning 10 per cent,) from first January, 1839.” This was as much as to say, ascertain the amount I will owe you for your interest in the factory, at 10 per cent on the capital, and for borrowed money, including legal interest, and I will allow you, for five successive annual forbearances, 10 per cent on the whole. This is usury, almost written out in the words of the statute. But there is still another view. If the contract had been alone for the sale of the factory, there might have been some reason for the allegation, that it was a sale, and not a loan, or forbearance of a debt already due. Thirteen hundred and eighty-two dollars 94-100 was for money previously loaned, and then a subsisting debt *246 of Van Patton. That sum was included in the contract, and 10 per cent allowed on it. This was taking more than 7 per cent for the forbearance on it.
In any point of vigw the usury is clearly made out, and the contract is therefore bad in law, for the usury embraced in it, and the interest which, at 7 per cent, would otherwise be computed from the time each single bill fell due.
The motion for a new trial is granted. -
Evans, Butler, Wardlaw and Richardson, JJ. concurred.